

*Alok Nadig,* Senior Litigation Counsel
(646) 768-7059
anadig@sanfordheisler.com

**Sanford Heisler
Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

March 26, 2025

VIA ELECTRONIC FILING

      Re:    *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

    Plaintiff Dr. Amra Sabic-El-Rayess moves to compel Defendant Teachers College, Columbia University ("Defendant" or "TC") to (i) answer her Requests for Admission ("RFA") Nos. 1 and 2; (ii) answer her Interrogatories Nos. 1–7; (iii) produce non-privileged documents responsive to her Requests for Production ("RPD") Nos. 5–16 and 28; and (iv) produce a witness to testify on Topics 4, 5, 12, and 15 of her 30(b)(6) Deposition Notice.[1] Alternatively, Plaintiff requests a Court conference. The Parties have exchanged written correspondence and, earlier today, they conferred in good faith via video call on the below issues. But we are unable to agree.

I.    The Court Should Compel Defendant to Produce Discovery Related to Plaintiff's January and March 2024 Tenure Track Rejections

    On January 9, 2024, Defense Counsel told Plaintiff's Counsel that TC was rejecting Plaintiff's request to be placed on tenure track based on the purported rationale that Plaintiff lacks peer-reviewed publications. *See* Pl.'s Third Am. Compl., ECF No. 57, at ¶¶ 27–30, 188–191. RFAs Nos. 1 and 2, which seek to impel TC to admit that this event happened, are relevant to Plaintiff's allegations that "she continuously pursued tenure-track positions through the TOO [Target of Opportunity] route until as recently as 2024, and that her requests for such a position were rejected in meetings on January 9, 2024, and March 11, 2024." *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 24-CV-2891 (JMF), --- F. Supp. 3d ----, 2024 WL 4988408, at *5 (S.D.N.Y. Dec. 5, 2024) (quotations and citations omitted). Yet, in response to both of these RFAs, TC provided no answer and asserted that it "objects to this Request as it goes beyond the scope of Rule 36 of the Federal Rule of Civil Procedure and [is] prohibited by Rule 408 of the Federal Rules of Evidence."

    As for Defendant's first objection, TC's conclusory assertion that Plaintiff's RFAs exceed the scope of Federal Rule of Civil Procedure 36—without explaining how or why that is so—is insufficiently specific to constitute a proper objection and should therefore be overruled. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, No. 20-CV-8924 (CM) (GWG), 2023 WL 167410, at *3 (S.D.N.Y. Jan. 12, 2023) ("An objection that an RFA is 'improper under Rule 36' or an 'improper use of Rule 36' is insufficiently specific and is thus overruled.").

    TC's second objection under Federal Rule of Evidence 408 also fails. "[I]t is well established that Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." *Williams v.*

---

[1] Defendant's Responses to Plaintiff's First Set of RFAs, First Set of Interrogatories, First Set of RPDs, and 30(b)(6) Deposition Notice are attached to this letter motion as Exhibits A, B, C, and D, respectively.

*Regus Mgmt. Grp., LLC*, No. 10-CV-8987 (JMF), 2012 WL 1890384, at *3 (S.D.N.Y. May 15, 2012) (Furman, J.) (quotation omitted). During the January 9, 2024 conversation in which Defense Counsel said that TC would not consider Plaintiff for tenure track because she does not have peer-reviewed publications, the Parties were discussing settlement of the claims advanced in Plaintiff's June 21, 2023 correspondence to Defendant. *See* Pl.'s Third Am. Compl., ECF No. 57, at ¶¶ 180, 181, 188–191. Plaintiff does not seek to introduce Defense Counsel's January 9, 2024 statements to prove the validity of any of those claims described in the June 21, 2023 correspondence. Rather, Plaintiff seeks to introduce Defense Counsel's statements to prove the validity of ***new*** claims that only arose on January 9, 2024—specifically, claims that TC would not consider placing Plaintiff on tenure track, allegedly due to a lack of peer-reviewed publications. The Parties were not discussing settlement of these new claims during the January 9, 2024 conversation, because these claims only accrued during the January 9, 2024 conversation itself when Defense Counsel, acting as Defendant's agent,² conveyed that TC was rejecting Plaintiff for tenure track because she lacks peer-reviewed publications. Defense Counsel's statements during the January 9, 2024 meeting are therefore admissible to prove Plaintiff's claims of wrongful tenure track rejection that accrued on or after that date. In any event, Rule 408 "governs the admissibility of compromise offers and negotiations, not their discoverability[.]" *Gov't Emps. Ins. Co. v. Cean*, No. 19-CV-2363 (PKC) (SMG), 2020 WL 9812909, at *2 (E.D.N.Y. Nov. 12, 2020). Even if Defendant were correct that Rule 408 prohibits the ***admission at trial*** of statements made during the January 9, 2024 meeting (it does not), that would not render evidence related to these statements ***non-discoverable***.

For the same reasons why TC's Rule 408 objections are inappropriate as to Plaintiff's RFAs, Defendant's objections under Federal Rule of Evidence 408 to Plaintiff's Interrogatory No. 6 and RPD No. 6 similarly fail. And the March 2024 tenure track denial, which is the subject of Interrogatory No. 7 and to which TC also objected under Rule 408, was not even conveyed in a settlement communication. *See* Third Am. Compl., ECF No. 57, at ¶ 208. The remainder of TC's objections to Interrogatories Nos. 6 and 7 and RPD No. 6 are "non-specific, boilerplate objections" that are "inappropriate[.]" *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 16-MC-2778 (FB), 2016 WL 6902140, at *7 (E.D.N.Y. Nov. 23, 2016) (quotations omitted).

II. The Court Should Compel Defendant to Produce a 30(b)(6) Witness to Testify About Defendant's Actions Taken in Response to Plaintiff's Complaints of Discrimination

Topic 15 of Plaintiff's Rule 30(b)(6) Deposition Notice seeks discovery related to TC's actions taken in response to her complaints of discrimination. TC indicated that it would produce no witness to testify on this topic. But this is a retaliation case; Plaintiff's complaints about discrimination and the actions that TC took in response are relevant. Although TC has indicated that it will produce some documents relevant to this topic,³ a 30(b)(6) witness is necessary because that witness would "not only testify about facts within [TC]'s knowledge" of Plaintiff's

---

² "The attorney-client relationship is governed by agency principles[.]" *Aberra v. City of New York*, No. 18-CV-01138 (LAK) (SLC), 2020 WL 11772386, at *4 (S.D.N.Y. July 31, 2020) (citing *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 986 F.2d 15, 20 (2d Cir. 1993)), *report & recommendation adopted*, 2020 WL 11772387 (S.D.N.Y. Aug. 24, 2020).

³ During the 03/26/2025 meet-and-confer call between the Parties, Defense Counsel indicated that it would produce non-privileged documents responsive to Plaintiff's RPD No. 3, which also seeks discovery related to TC's actions taken in response to Plaintiff complaints of discrimination. Should TC fail to do so, Plaintiff reserves her right to move to compel TC to produce documents responsive to RPD No. 3 in the future.

discrimination complaints, "but also [TC]'s subjective beliefs and opinions" about her complaints "and [TC]'s interpretation of documents and events" related to those complaints. *Klosin v. E.I. Du Pont De Nemours & Co.*, No. 1:19-CV-00109-EAW-MJR, 2023 WL 1097859, at *4 (W.D.N.Y. Jan. 30, 2023). TC's objection that Topic 15 seeks information "related to Plaintiff's dismissed claims of age discrimination" is meritless, because her complaints of age discrimination are relevant to her retaliation claims under the Age Discrimination in Employment Act and New York City Human Rights Law ("NYCHRL") that survived TC's Motion to Dismiss. *See Sabic-El-Rayess*, 2024 WL 4988408, at *6. And TC's objections based on the privacy rights of non-parties and the Family Education Rights and Privacy Act ("FERPA") are improper in light of the recently entered Stipulation and Order for the Production and Exchange of Confidential Information, *see* ECF No. 64, and caselaw, *see Metcalf v. Yale Univ.*, No. 15-cv-1696 (VAB), 2017 WL 627423, at *4 (D. Conn. Feb. 15, 2017) ("[C]ourts have found that FERPA does not prevent the disclosure of students' educational records in connection with discovery in a case.").

III. The Court Should Compel TC to Produce Discovery Related to Plaintiff's Comparators

Plaintiff's RPD Nos. 5, 7–16, and 28; Interrogatories Nos. 1–5; and 30(b)(6) Topics 4, 5, and 12 seek information related to Plaintiff's alleged comparators. TC objected that "Plaintiff has failed to establish that any of these individuals are appropriate comparators," objected on statute of limitations grounds, and objected on non-party privacy grounds, among other boilerplate objections, and indicated that it would not fully respond. As for the "appropriateness" of comparators, that is an improper basis to object—especially given that "there is no precise formula to determine whether an individual is similarly situated to comparators." *Hu v. City of New York*, 927 F.3d 81, 98 (2d Cir. 2019) (quotation and brackets omitted).[4] *See Haran v. Orange Bus. Servs., Inc.*, No. 21-CV-10585 (VSB) (JW), 2023 WL 4373287, at *2 (S.D.N.Y. June 2, 2023) ("Defendant's sole argument for opposing the requested comparator evidence is that the comparator evidence is irrelevant to Plaintiff's claims because the positions are not appropriate comparators. . . . The issue of whether these roles are ultimately appropriate comparators may be addressed at the summary judgment stage."). With respect to TC's objection that Plaintiff never applied for the tenure-track or tenured positions occupied by comparators, this Court already substantially rejected that argument when it declined to dismiss Plaintiff's religious discrimination claims on that basis. *See Sabic-El-Rayess*, 2024 WL 4988408, at *5. TC's time-based objection fails because (i) "the statute of limitations is not an evidentiary bar," *Magadia v. Napolitano*, No. 06-CV-14386 (CM), 2009 WL 510739, at *11 (S.D.N.Y. Feb. 26, 2009); (ii) the continuing pattern of discrimination to which TC subjected Plaintiff began with adverse actions taken as early as 2012, *see* Third Am. Compl., ECF No. 57, at ¶¶ 64–71, 273, 301; and (iii) even if all of Plaintiff's allegations of discrimination were time-barred (they are not), those allegations are nevertheless relevant to Plaintiff's retaliation claims that are indisputably timely. Finally, as for non-party privacy, the operative confidentiality stipulation negates that concern. *See* ECF No. 64.

---

[4] That Plaintiff's alleged comparators, all of whom are tenure-track or tenured professors at TC, may hold positions in different academic departments than Plaintiff is not dispositive—particularly in light of the fact that Plaintiff switched between and among different TC departments while she was pursuing tenure-track and tenured positions at TC after the limitations period commenced on her NYCHRL claims in 2020. *See* Third Am. Compl., ECF No. 57, at ¶¶ 43–48, 52, 66, 101, 140–173, 188–190, 208–209. For several of these positions, "the vacancy at issue was not posted" and Plaintiff "attempted to apply for [the position] through informal procedures endorsed by" TC. *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004).

Sincerely,

*/s/ Alok Nadig*
ALOK NADIG
DAVID SANFORD
MICHAEL PALMER
MIRANDA KATZ
**SANFORD HEISLER SHARP McKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
anadig@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
mkatz@sanfordheisler.com

*Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess*

Plaintiff's motion is GRANTED as to RFA Nos. 1 and 2 and Interrogatories 6 and 7 (although the Court intimates no view on whether the evidence at issue would be admissible), substantially for the reasons set forth above.  Plaintiff's motion is DENIED as to the Rule 30(b)(6) witness, albeit without prejudice to renewal after the parties meet and confer in an effort to reach agreement or narrow their disagreement.  *See* ECF No. 70, at 1-2.  Finally, the Court agrees with Defendant that Plaintiff is not entitled to discovery as to alleged comparators unless there is a nexus - i.e., an overlap in department, decision makers, or time - between the alleged comparator and her.  *See, e.g.*, *Jauhari v. Sacred Heart University, Inc.*, No. 3:16CV690 (AWT), 2017 WL 819902, at *5-7 (D. Conn. Mar. 2, 2017).  Accordingly, Plaintiff's motion for discovery on that front is DENIED, albeit without prejudice to renewal after the parties meet and confer in light of the Court's order.  The Clerk of Court is directed to terminate ECF No. 66.

SO ORDERED.

April 4, 2025