**BOND SCHOENECK & KING**

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

May 20, 2025

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

      Re:    Sabic-El-Rayess v. Teachers College, Columbia University
               Case No. 24-CV-2891 (JMF)

Dear Judge Furman:

      We represent Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") in the above-referenced matter. We write in response to Plaintiff's letter motion to compel dated May 15, 2025. (ECF Doc. No. 78).

      By way of brief background, Plaintiff served her initial discovery requests on January 28, 2025. In response to Plaintiff's discovery requests, Teachers College conducted searches on numerous individuals' email accounts and began to review these documents for production. These documents were produced after entry of the Parties' ESI protocol on March 26, 2025. (ECF Doc. 67). While the Parties were negotiating the terms of the ESI protocol, on March 23, 2025, Plaintiff's counsel proposed custodians, search terms, and date ranges for Teachers College to implement. As explained to Plaintiff's counsel, since discovery was already well underway, Teachers College had already obtained ESI data and ran searches and planned to produce documents after entry of the ESI protocol. (See **Exhibit A**). Despite the fact that this lawsuit was filed on April 17, 2024, Teachers College ran searches from August 2020 through August 2024 on seven custodians with broad search terms (which, unlike Plaintiff's proposed searches, were not limited to including Plaintiff's name). (See **Exhibit B**).

      After Teachers College's production of over 1,100 pages of responsive documents, Plaintiff's counsel asserted that the search terms previously run were insufficient and proposed that Teachers College run additional search terms on many of the same custodians, covering almost entirely the same time period. (See **Exhibit B**). Plaintiff did not provide any basis for her belief that Teachers College's previous search was insufficient as Plaintiff did not inquire into how many documents were reviewed during Teachers College' search. Nor did it appear that Plaintiff even reviewed Teachers College's production as Teachers College provided its production on Friday and Plaintiff requested additional searches the following Monday.

Hon. Jesse M. Furman
May 20, 2025
Page 2

Nevertheless, the Parties met and conferred, and Teachers College agreed to run Plaintiff's proposed search terms from January 1, 2020-present on custodians not previously searched, and to run the proposed search terms on custodians previously searched from January 1, 2020-July 31, 2020 and August 1, 2024 to present (as the period August 2020 to August 2024 was already provided). Teachers College is still in the process of running searches on this large amount of data. However, Plaintiff continues to assert that additional searches should be run for two of the twelve custodians from January 1, 2012 to present. Teachers College has maintained that emails from over a decade ago are not relevant.

Despite complying with most of Plaintiff's overbroad and burdensome requests, Plaintiff now files this letter motion seeking to have Teachers College search for emails from over a decade ago that have no bearing on this matter. Plaintiff has failed to provide a proper basis as to why emails from over a decade ago are relevant to her claims.

Plaintiff asserts that discovery into emails from 2012 through 2015 are relevant as Plaintiff was denied tenure-track positions to which she applied in 2012 and 2013 and these are "material events." However, as explained to Plaintiff on several occasions, the Court's Decision & Order on Teachers College's Motion to Dismiss Plaintiff's Second Amended Complaint made clear that it did not consider Plaintiff's denial of tenure in 2012 and 2013 to be adverse actions, nor do those discrete acts constitute a continuing violation. Instead, the Court only found that Plaintiff's allegations that she "pursued" tenure-track positions as recently as 2024 may be sufficient to state an adverse action for purposes of a motion to dismiss, where the face of the Complaint was not clear that these were not actual applications. (ECF Doc. No. 38 at p. 12).

Plaintiff appears to concede that Plaintiff's denial of tenure-track positions in 2012 and 2013 is time-barred but then asserts that she intends to use events from 2012 to 2013 as background evidence to "prove that the tenure-track denials she endured after these dates were motivated by her religion." Plaintiff has not provided any basis on how the denial of her applications for a tenure-track position in 2012 and 2013 through the PTR route is in any way related to any alleged denial of a tenure-track or tenured position through the TOO route from 2020 to present. Nor has Plaintiff alleged that these two individuals had any involvement in her denial of a tenure-track or tenured position through the TOO route from 2020 to present. Even if marginally relevant, it does not support the time, expense and burden of requiring Teachers College to search and review tens of thousands of pages of emails from that time period.

Teachers College has already produced relevant documents from August 2020 through August 2024 and has agreed to run searches and review documents from January 1, 2020-present. Plaintiff's assertion that additional searches should be run from over ten years ago (2012-2015) is misguided. Courts have consistently found that discovery requests with similar time periods are overbroad. *See, Yoo v. Actimize, Inc.*, No. 12 CV 8108, 2014 WL 1087974, at *2 (S.D.N.Y. Mar. 19, 2014) (affirming magistrate judge's order in an ADA case limiting discovery requests to two years and finding that the two year time frame was reasonable); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (denying plaintiff's request in a discrimination action for

documents spanning eleven years and limiting the time period to three years); *Heggs v. City of New York*, 17 CV 3234 (RJD) (CLP), 2019 U.S. Dist. LEXIS 250590, 2019 WL 13294646 (E.D.N.Y. Mar. 11, 2019) (limiting discovery to three years prior to the filing of the complaint); *Bruce Kirby, Inc. v. LaserPerformance (Eur.) Ltd.*, Civ. No. 3:13CV00297(JAM), 2021 U.S. Dist. LEXIS 190648, 2021 WL 420157, at *7 (D. Conn. Oct. 4, 2021) (finding a ten-year time frame for requests to be overbroad).

To the extent that Plaintiff claims that the requested information is relevant to her claims of retaliation, this too must fail. To state a viable claim of retaliation, Plaintiff must demonstrate: (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. *Mitchell v. State Univ. of New York Upstate Med. Univ.,* 723 Fed. Appx. 62, 63 (2d Cir. 2018) (Title VII); *Cerni v. J.P. Morgan Securities LLC*, 208 F.Supp.3d 533, 539 (S.D.N.Y. 2016) (ADEA). Whether Plaintiff reasonably believed she was the victim of discrimination in 2012-2014 is not relevant to whether she engaged in protected activity in 2022 or later.

Teachers College has been extremely accommodating of Plaintiff's counsel's discovery demands in this case. To date, Plaintiff has produced over 35,000 pages of (mostly irrelevant) documents, served seven requests for production of documents containing duplicative requests and requests in contravention with previous orders by this Court, and has severed multiple 30(b)(6) notices with 44 topics of examination, in addition to numerous individual deposition notices, for this single plaintiff discrimination case. Teachers College has produced thousands of pages of documents and has agreed to run searches on additional custodians and on a longer time period (January 1, 2020 through present instead of August 1, 2020 through August 1, 2024). Plaintiff's request that Teachers College run searches from July 1, 2012 through June 30, 2015 is overbroad, unduly burdensome, and Plaintiff has provided no basis for why emails during this time period are relevant to her claims in 2020 and later.

Thank you for your consideration of this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


_____/s/_____
Mallory A. Campbell


CC: Via ECF
    All Counsel of Record

21687046.v2-5/20/25

---

Plaintiff's letter motion is DENIED substantially for the reasons set forth above. In brief, given the amount of time that has passed and the absence of any evidence connecting the events of over a decade ago to Plaintiff's claims, the Court concludes that the materials at issue are not relevant. To the extent they are relevant, the requested discovery is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Clerk of Court is directed to terminate ECF No. 78.

SO ORDERED.

[signature]

May 20, 2025