UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
AMRA SABIC-EL-RAYESS,                                                  :
:
                           Plaintiff,                    :
:            24-CV-2891 (JMF)
      -v-                                                              :
:        MEMORANDUM OPINION
TEACHERS COLLEGE, COLUMBIA UNIVERSITY,                                 :           AND ORDER
:
                           Defendant.                    :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff's letter motion to compel Defendant Teachers College Columbia University ("TC") to produce discovery, ECF No. 74 ("Mot."), is GRANTED in part and DENIED in part. The Court disagrees that Plaintiff needs comparator discovery to reveal whether certain "tenure track and tenured positions . . . were not posted" or "to demonstrate that she held, in objective good faith, [a] subjective belief that she was discriminated against." Motion 2. Plaintiff can establish her subjective beliefs and ascertain whether particular positions were publicly posted without delving into detailed information regarding TC's specific hires. *See Dass v. City Univ. of New York*, No. 18-CV-11325 (VSB) (OTW), 2022 WL 16737028, at *3 (S.D.N.Y. Nov. 7, 2022) ("A court must limit discovery where 'the discovery sought is unreasonably cumulative' or 'can be obtained from some source that is more convenient, less burdensome, or less expensive.'" (quoting Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii))).

       Plaintiff is, however, entitled to information about "the criteria that TC applie[d] to consider tenure track and tenure candidates" where those criteria are relevant to positions for which she applied and was rejected. Motion 2. But "[w]hile relevance is defined broadly, its

scope is not limitless." *Demosthene v. City of New York*, No. 18-CV-1358 (EK) (PK), 2020 WL 13889767, at *2 (E.D.N.Y. Apr. 17. 2020); *see* ECF No. 82, at 3 (denying Plaintiff's motion to compel production of materials from over a decade ago with no evidentiary link to Plaintiff's claims because they are not relevant and, to the extent they are relevant, the materials are not "proportional to the needs of the case" (quoting Fed. R. Civ. P. 26(b)(1)). Plaintiff therefore may seek discovery regarding comparators who may have been hired or promoted within the last ten years in the same departments in which Plaintiff was seeking tenure-track positions at nearly the same time — namely, Dr. Ghosh and Dr. Erickson. That is true even if she proceeded through the Target of Opportunity route rather than applying to Permission to Recruit positions, as "[e]mployees used as comparators . . . need not be identically situated, but only must be similarly situated in all material respects." *Berube v. Great Atl. & Pac. Tea Co.*, 348 F. App'x 684, 686 (2d Cir. 2009) (summary order).

By contrast, Plaintiff may not seek discovery regarding comparators who (1) were hired or promoted into departments that Plaintiff worked in at different times than when those comparators were hired or promoted — a category that includes Dr. Limerick, Dr. Koch, and Dr. Mendenhall; (2) were hired or promoted at times that Plaintiff has not alleged she was seeking tenure or tenure-track positions — a category that includes Dr. Matsudaira; or (3) were hired or promoted over a decade ago — a category that includes Dr. Pizmony-Levy and Dr. Drezner. These limitations apply in equal measure to Plaintiff's noticed Rule 30(b)(6) deposition topics. *See* Motion 3.

Finally, the Court agrees with Defendant that Plaintiff's Rule 30(b)(6) deposition notice improperly asks Defendant to divulge "privileged legal defenses and attorney impressions." ECF No. 77, at 3; *see Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co.*, No. 8-CV-3604

(BSJ) (JCF), 2009 WL 3817600, at *2 (S.D.N.Y. Nov. 16, 2009) ("Taken literally [the deposition notice] could well be interpreted to require the designation of trial counsel as witness."). The Court therefore denies Plaintiff's application to compel the designation of deposition witnesses to testify with respect to Defendant's affirmative defenses, although that denial is "without prejudice to [Plaintiff] recasting [her] requests to seek information about facts" without requiring Defendant to disclose how those facts support its legal theories. *See Pentair Water Treatment (OH) Co.*, 2009 WL 3817600, at *2.

The Clerk of Court is directed to terminate ECF No. 74.

SO ORDERED.

Dated: May 22, 2025
       New York, New York

_____
                    JESSE M. FURMAN
                    United States District Judge