

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

August 22, 2025

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
40 Foley Square, Room 2202
New York, New York 10007

      Re:    **Sabic-El-Rayess v. Teachers College, Case No. 24-CV-2891 (JMF)**

Dear Judge Furman:

      We represent Defendant Teachers College, Columbia University ("TC") in the above-referenced matter. TC submits the following response to Plaintiff's Fifth Letter Motion for Discovery (ECF Doc. 104), pursuant to the Court's August 19, 2025 Order. For the reasons set forth below, Plaintiff's request should be denied.

      Plaintiff's recitation of the facts is misleading and does not accurately describe the nature of the investigation or the outside investigator Darrell Gay's role. Instead, Plaintiff attempts to conflate two different processes. Initially, on April 24, 2023, Janice Robinson, TC's Title IX Coordinator, informed Plaintiff that TC would be investigating her claims and explained to her the next steps. (ECF Doc. 103-2). However, on May 6, 2023, Plaintiff, through her current counsel, served a demand letter on TC advising that Plaintiff had retained Sanford Heisler Sharp in claims arising from her employment and sought to resolve Plaintiff's claims through "confidential pre-suit negotiation." (ECF Doc. 103-3). As a result, on May 30, 2023, Ms. Robinson informed Plaintiff that, instead of Ms. Robinson conducting the investigation as previously planned, TC had retained outside counsel to investigate her allegations and that the outside investigator Mr. Gay from ArentFox Schiff would be in touch with Plaintiff to discuss next steps. (ECF Doc. 103-2).

      **The Attorney-Client Privileges and Work-Product Doctrine Apply**

      Plaintiff focuses on the April 24, 2023 email from Ms. Robinson to speculate that the investigation was only conducted to provide a business recommendation, not to provide legal advice. Plaintiff is wrong. While the April 24, 2023 email discussed an internal investigation that was to be conducted by Ms. Robinson, that investigation never occurred. Rather, after Plaintiff's counsel served a demand letter on TC on May 6, 2023, TC instead hired outside counsel to conduct a confidential and privileged investigation into Plaintiff's claims and to provide legal advice concerning her claims. The attorney-client privilege therefore applies to all communications between TC and Mr. Gay and his Firm. *See, ACLU v. NSA*, 925 F.3d 576, 589 (2d Cir. 2019) ("the attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance.").

      For similar reasons, the investigation file is protected from disclosure by the work product

doctrine. As such, Plaintiff is not entitled to documents, including any notes, findings, and investigation report, which were prepared in anticipation of litigation as threatened by Plaintiff's counsel. *See, McGowan v. JPMorgan Chase Bank,* 18 Civ. 8680 (PAC) (GWG), 2020 U.S. Dist. LEXIS 73051, 2020 WL 1974109, at *11-12 (S.D.N.Y. Apr. 24, 2020); *Howard Univ. v. Borders*, 20-cv-4716 (LJL), 2020 U.S. Dist. LEXIS 244744, 2020 WL 7774347 (S.D.N.Y. Dec. 30, 2020).

The cases cited by Plaintiff are entirely distinguishable, as none of these cases concern an investigation conducted by outside counsel after the threat of litigation. Here, in light of threatened litigation, TC hired outside counsel to conduct a confidential investigation and provide TC legal advice. TC's investigation file is therefore protected by the attorney-client privilege.

Even if the documents and communications relating to the outside investigation were not protected by the work-product doctrine or the attorney-client privilege as described above, Plaintiff has not shown how any of these documents are relevant to the claims in her Third Amended Complaint (ECF Doc. 57). In fact, Plaintiff does not argue that the investigation was deficient or that there was no investigation, nor has TC relied on the adequacy of the investigation as a defense. *See, United States SEC v. Collector's Coffee Inc.*, 337 F.R.D. 70, 78 (S.D.N.Y. 2020).

### Privilege Log, Waiver, and *In Camera* Review

Plaintiff's argument regarding the lack of a privilege log identifying attorney-client privileged communications with Mr. Gay is also misleading. The only privileged communications concerning the investigation would be between Mr. Gay and TC's General Counsel or between Mr. Gay and the outside attorneys hired by TC regarding the investigation. As TC is not using the investigation as a defense, it would not be relevant to any claims or defenses in this action and therefore would not be responsive to document requests. Furthermore, these communications between outside counsel and TC's general counsel would only have occurred after the threat of litigation, when no privilege log would be required. Otherwise, TC has not come across any relevant emails or documents with Mr. Gay's or his firm, ArentFox Schiff, in its review of documents that would necessitate its inclusion in a privilege log.

Finally, Plaintiff argues that TC has nevertheless waived the privilege or protection with regard to the investigation file. This is incorrect. TC has not asserted the *Faragher-Ellerth* defense, nor has TC asserted the adequacy of its internal investigation as a defense to any claims in this action. Plaintiff is therefore not entitled to this information.

Despite no legal basis for TC's privileged and confidential investigation file, Plaintiff alternatively requests that this Court conduct an *in camera* review of the documents requested. Plaintiff's request should be denied. Plaintiff cannot justify the need for an *in camera* review, as there are no claims concerning the investigation in Plaintiff's Third Amended Complaint, nor is TC relying on the investigation for any of its defenses. *See, U.S. v. Zolin*, 491 U.S. 554 (1989). Plaintiff's request should therefore be denied. *Local 3, Int'l Bd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988) ("*In camera* review is considered the exception, not the rule.").

Hon. Jesse M. Furman
August 22, 2025
Page 3


Very truly yours,

BOND, SCHOENECK & KING, PLLC


_____/s/_____
Mallory A. Campbell


CC: <u>Via ECF</u>
    All Counsel of Record


Defendant's letter motion - (1) to quash the subpoena on Darrell S. Gay; and (2) for a protective order preventing the disclosure of Defendant's communications and work product related to the investigation of Plaintiff's discrimination and harassment claims, see ECF No. 103 - is GRANTED, and Plaintiff's competing letter motion to compel, see ECF No. 104, is DENIED, substantially for the reasons set forth above and in Defendant's letter motion.  Put simply, the communications at issue are plainly protected by both the attorney-client privilege and the work-product doctrine, and Plaintiff has not demonstrated either waiver or that she has a substantial need for the communications.  To the extent that Defendant's pleadings can be construed to allege any defense that would put the communications in issue (e.g., a Faragher-Ellerth defense), Defendant has disclaimed such defense and will be precluded from asserting it in these proceedings.  The Clerk of Court is directed to terminate ECF Nos. 103 and 104.

SO ORDERED.

August 27, 2025

22161147.v5-8/22/25