

**Sanford Heisler
Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alok Nadig,* Senior Litigation Counsel
(646) 768-7059
anadig@sanfordheisler.com

New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

September 30, 2025

VIA ELECTRONIC FILING

Re:   *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

Plaintiff Dr. Amra Sabic-El-Rayess submits this letter in response to Defendant Teachers College, Columbia University's request to seal Exhibits C and D of Defendant's Motion to Strike, *see* Dkt. Nos. 127-3, 127-4, and in support of Plaintiff's Motion to Seal Exhibits A through E and G of her response to Defendant's Motion to Strike. Defendant's Exhibit C is a redline generated between Dr. Nathan Alleman's 09/15/2025 expert report and his 09/24/2025 supplemental report. *See* Dkt. No. 127-3. Defendant's Exhibit D contains (1) a redline between Dr. Alleman's 09/15/2025 report and his 09/26/2025 report and (2) a redline between Dr. Alleman's 09/24/2025 report and his 09/26/2025 report. *See* Dkt. No. 127-4. Plaintiff's Exhibits A through E are documents Defendant produced in discovery as "confidential" and that Defendant has confirmed it wants filed under seal.[1] And Plaintiff's Exhibit G is a clean version of Dr. Alleman's 09/26/2025 supplemental report.

"The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 399 (S.D.N.Y. 2020). "First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any document that is a 'judicial document'—*i.e.*, an 'item . . . relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006)). Second, "[w]hen the document at issue is a 'judicial document,' . . . the court must then determine the weight of the presumption of access." *Id* at 400. "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it[,]" including, but not limited to, "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Lugosch*, 435 F.2d at 120).

Applying this standard, this Court should determine that Defendant's Exhibit C, Defendant's Exhibit D, and Plaintiff's Exhibit G were all properly filed under seal. Defendant's Exhibit C is not a "judicial document," because it is irrelevant to the disposition of Defendant's Motion to Strike for the reasons set forth in Plaintiff's Response to Defendant's Motion. In short, Defendant's Exhibit C is a redline between Dr. Alleman's 09/15/2025 report and 09/24/2025 report

---

[1] Plaintiff has informed Defendant that, pursuant to this Court's Individual Rule #7(C)(i), Defendant must file, within three business days, a letter explaining the need to seal Plaintiff's Exhibits A through E.

that is irrelevant because Plaintiff does not seek to introduce Dr. Alleman's 09/24/2025 report. In addition, the privacy interests of Ansley Erickson, Na Lor, Rajashi Ghosh, and Patricia Hewlin counsel in favor of sealing Defendant's Exhibits C and D (redlines showing changes made between the 09/26/2025 report and prior versions) and Plaintiff's Exhibit G (a clean version of the 09/26/2025 report). Dr. Alleman's report contains an in-depth comparison of Plaintiff's experience and credentials as measured against those of Plaintiff's alleged comparators, who are Dr. Erickson, Dr. Lor, Dr. Ghosh, and Dr. Hewlin. Defendant's Exhibits C and D and Plaintiff's Exhibit G should be kept under seal to avoid revealing sensitive information about non-parties' educational and professional backgrounds to the general public. *See In re SunEdison, Inc. Secs. Litig.*, Nos. 16-md-2742 (PKC) & 16-cv-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) ("The privacy interests of 'innocent third parties . . . should weigh heavily' when balancing the presumption of disclosure.") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) ("The relevant materials reflect sensitive . . . educational, and other personal information pertaining to non-parties, and the Court finds that the privacy interests of those non-parties outweigh any public interest in disclosure . . . .") (citing *Lugosch*, 435 F.3d at 124).

Plaintiff therefore requests that Defendant's Exhibit C, *see* Dkt. No. 127-3, Defendant's Exhibit D, *see* Dkt. No. 127-4, and Plaintiff's Exhibits A through E and G remain filed under seal.

Respectfully submitted,

/s/ Alok Nadig
ALOK NADIG
DAVID SANFORD
MICHAEL PALMER
CAROLIN GUENTERT
MIRANDA KATZ
**SANFORD HEISLER SHARP McKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
anadig@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
cguentert@sanfordheisler.com
mkatz@sanfordheisler.com

***Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess***

Plaintiff's motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue in Plaintiff's motion as well as those at issue in Defendant's motion, ECF No. 126, sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF Nos. 126, 133.

SO ORDERED.

[signature]

September 30, 2025