**Sanford Heisler Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alok Nadig,* Senior Litigation Counsel
(646) 768-7059
anadig@sanfordheisler.com

New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

September 30, 2025

VIA ELECTRONIC FILING

    Re:    *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

    Plaintiff Dr. Amra Sabic-El-Rayess submits this response to Defendant Teachers College, Columbia University's ("Defendant's," "TC's," or "the College's") Motion to Strike the 09/24/2025 and 09/26/2025 Expert Reports of Dr. Nathan Alleman. *See* Dkt. Nos. 127, 128. Plaintiff does not oppose TC's request to strike Dr. Alleman's 09/24/2025 report. For the reasons below, Dr. Alleman's 09/26/2025 supplemental report, attached as Exhibit G to the instant filing, should constitute Plaintiff's operative report for Dr. Alleman and should not be stricken.

**I.**    **Background**

    On 09/02/2025, the Parties agreed to have affirmative expert reports due on 09/15/2025 and rebuttal reports due on 10/15/2025. *See* Dkt. Nos. 127-1, 128-1. On 09/15/2025, Plaintiff sent TC three affirmative expert reports; one was a report from Dr. Nathan Alleman. On 09/18/2025, Defendant produced new discovery materially relevant to Dr. Alleman's analysis, including Na Lor's curriculum vitae, Rajashi Ghosh's application for a tenured role at the College, minutes from Dr. Ghosh's and Patricia Hewlin's tenure reviews, and answers to Plaintiff's questions pursuant to Federal Rule of Civil Procedure 31(a)(4).[1] Plaintiff's Counsel sent the five newly received documents to Dr. Alleman so that he could make any necessary changes to his report and, on 09/24/2025, Plaintiff served on Defendant a supplemental report. *See* Dkt. Nos. 127-2, 128-2 (email from Plaintiff's Counsel to Defense Counsel explaining the need for the supplemental report). Later that day, Defense Counsel communicated to Plaintiff's Counsel that TC intended to move to strike the 09/24/2025 report. *See* Exhibit F. During a video call on 09/26/2025, Defense Counsel asserted that Dr. Alleman's 09/24/2025 report contained changes that exceeded the scope of the five later produced documents and that TC therefore intended to move to strike. To appease TC, Plaintiff's Counsel agreed to have Dr. Alleman again modify his report to revert any revisions that did not relate to the five newly produced documents back to the original form of the report served on 09/15/2025. On the video call, Defense Counsel appeared satisfied with this solution. Dr. Alleman subsequently reverted changes to his report that did not involve the five newly produced documents back to the original text in his 09/15/2025 report. On 09/26/2025, Plaintiff served this modified supplemental report from Dr. Alleman on TC. *See* Exhibit G (Dr. Alleman's 09/26/2025 supplemental report). Yet Defendant remains unsatisfied and has moved to strike.

    On 09/29/2025, the Court granted the Parties' joint letter motion to extend the expert discovery deadline, for Dr. Alleman and any rebuttal expert disclosed by TC for Dr. Alleman, from

---

[1] These five newly produced documents are attached as Exhibits A, B, C, D, and E, respectively.

10/31/2025 to 11/14/2025. *See* Dkt. No. 132, at 2. Pursuant the modified interim deadline agreed to by the Parties, *see id.* at 1, the rebuttal report for Dr. Alleman is now due on 10/29/2025.

## II.   Legal Standard

"[P]arties must provide a 'written report' to accompany the disclosure of an expert witness" that "must contain, among other things, a 'complete statement of all opinions the witness will express and the basis and reasons for them' and 'the facts or data considered by the witness in forming them.'" *Lassen v. Hoyt Livery, Inc.*, No. 13-cv-1529 (VAB), 2016 WL 7165716, at *6 (D. Conn. Dec. 8, 2016) (quoting Fed. R. Civ. P. 26(a)(2)(B)). "[A]n expert witness has a duty to supplement the expert report under both Rule 26(a)(2)(E) . . . and Rule 26(e)(2)[.]" *Ceglia v. Zuckerberg*, 287 F.R.D. 152, 157 (W.D.N.Y. 2012). "[A] party is obligated . . . to supplement or correct a disclosure if the party learns that in some material respect the disclosure . . . is incomplete or incorrect and, in the case of an expert, that duty extends [] to information included in the report[.]" *Sjunde AP Fonden v. Gen. Elec. Co.*, No. 17-CV-8457 (JMF), 2023 WL 6314939, at *18 (S.D.N.Y. Sept. 28, 2023) (Furman, J.) (quotations omitted). "[T]he supplemental disclosure must itself be timely and, in the case of an expert, must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* (quotations and citations omitted).

## III.   The Only Substantive Revisions Dr. Alleman Made in His 09/26/2025 Report Were Warranted Based on TC's Later Produced Documents; There Is No Prejudice to TC

An examination of the first redline TC filed as its Exhibit D, *see* Dkt. No. 127-4, reveals that the four substantive revisions that Dr. Alleman made between his 09/15/2025 and 09/26/2025 reports involved the five newly produced documents affixed hereto as Exhibits A through E:

1. From page 13 to the top of page 18 of Defendant's first redline attached at Dkt. No. 127-4,[2] Dr. Alleman revised his summary of Dr. Lor's qualifications and achievements based on the newly received curriculum vitae for Dr. Lor. Within this page range, toward the bottom of page 14, Dr. Alleman also added relevant content from the answer to one of the deposition questions that TC provided pursuant to Rule 31(a)(4). *Compare* Dkt. No. 127-4, at 14 ("                            "), *with* Exhibit E, at 9–10 (                                    .").

2. From the bottom of page 18 to the top of page 19 of TC's first redline attached at Dkt. No. 127-4, Dr. Alleman revised his description of Dr. Hewlin's hiring at the College to account for the newly received meeting minutes from Dr. Hewlin's tenure review.

3. On page 20 of TC's first redline attached at Dkt. No. 127-4, Dr. Alleman added that Dr. Hewlin                                                                  . This was information that Dr. Alleman learned by reading the newly received

---

[2] The page numbers Plaintiff refers to in Dkt. No. 127-4 reflect the numbers at the center bottom of each page of Dkt. No. 127-4. Please note, however, that the second half of the 140 pages Defendant attached at Dkt. No. 127-4 is a comparison between the 09/24/2025 and 09/26/2025 reports that Plaintiff does *not* refer to herein. The 09/24/2025 report—and the comparison between the 09/24/2025 and 09/26/2025 reports—are irrelevant because Plaintiff does not seek to introduce Dr. Alleman's 09/24/2025 report in this matter.

    meeting minutes for Dr. Hewlin's tenure review. *See* Exhibit D, at DEF003436 ("███ ███."). 

4. On page 32 of Defendant's first redline attached at Dkt. No. 127-4, Dr. Alleman added new information pertinent to his assessment of Plaintiff's publication record as compared to the records of Dr. Ghosh and Dr. Hewlin. Specifically, Dr. Alleman added more details about how Dr. Ghosh's and Dr. Hewlin's publication records compare to Plaintiff's based on the thorough discussion of Dr. Ghosh's and Dr. Hewlin's credentials in the newly produced documents affixed hereto as Exhibits B through D. To the extent Dr. Alleman added anything on page 20 that he did not learn for the first time in the five newly produced documents, there is no prejudice to TC because that information was already present in his 09/15/2025 report. *See* Dkt. No. 127-4, at 19 (describing Dr. Hewlin's publication record under section titled "Additional Scholarly Works"), 25 (describing Dr. Erickson's ███ under section titled "Additional Scholarly Works"), 33 (comparing Dr. Ghosh's h-index and i-10 index scores with Plaintiff's in first paragraph under section titled "Summary Conclusions").

    The 09/26/2025 supplemental report does not prejudice Defendant. TC acknowledges that, in his 09/24/2025 and 09/26/2025 reports, "Dr. Alleman does not provide any new opinions based on the additional documents." Dkt. No. 127, at 3; Dkt. No. 128, at 3. It is unclear how or why Defendant would be prejudiced by a supplemental report that does not contain any new opinions that were not already in Dr. Alleman's 09/15/2025 report. There are 34 days in between 09/26/2025 and when TC's rebuttal report for Dr. Alleman is due on 10/29/2025.[3] This is enough time for TC's rebuttal expert to modify their report in response to revisions that TC itself admits do not go to the heart of Dr. Alleman's reasoning and analysis. Dr. Alleman's deposition is currently scheduled for 10/24/2025—nearly one month after Plaintiff served his 09/26/2025 supplemental report. *See* Exhibit H (emails confirming deposition date). Plaintiff's Counsel asked to postpone Dr. Alleman's deposition, but Defense Counsel responded that TC's preference was to keep Dr. Alleman's deposition on the originally scheduled earlier date of 10/24/2025. *See* Exhibit I. Especially in light of the Court's recent extension of the expert discovery deadline for Dr. Alleman, *see* Dkt. No. 132, at 2, Dr. Alleman's 09/26/2025 supplemental report does not prejudice TC.

### IV.    Dr. Alleman's 09/26/2025 Supplemental Report Is Timely

    Dr. Alleman's 09/26/2025 supplemental report is timely under Federal Rule of Civil Procedure 26(a)(3)(B), because Plaintiff shared it with TC far in advance of the deadline to serve pretrial disclosures, which is 30 days before trial. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075 (LJL), 2020 WL 5646154, at *2 (S.D.N.Y. Sept. 22, 2020) ("Any additions or changes [to an expert report] must be disclosed by the time party's pretrial disclosures under Rule 26(a)(3) are due.") (quotation omitted). Any trial in this case is months away. *See* Dkt. No. 122, at 1 (summary judgment briefing extends from 12/01/2025 through 01/27/2026). Thus, Dr. Alleman's 09/25/2026 supplemental report is plainly timely under the Federal Rules of Civil Procedure and relevant precedent, *see* Section II, *supra*, and should not be stricken.

                                                    Respectfully submitted,

---

[3] 34 days is longer than TC would have had to generate a rebuttal report if Dr. Alleman had never supplemented his report and the rebuttal report were due on the original interim deadline of 10/15/2025.

                    */s/ Alok Nadig*
                    ALOK NADIG
                    DAVID SANFORD
                    MICHAEL PALMER
                    CAROLIN GUENTERT
                    MIRANDA KATZ
                    **SANFORD HEISLER SHARP McKNIGHT, LLP**
                    17 State Street, 37th Floor
                    New York, New York 10004
                    Telephone: (646) 402-5650
                    anadig@sanfordheisler.com
                    dsanford@sanfordheisler.com
                    mpalmer@sanfordheisler.com
                    cguentert@sanfordheisler.com
                    mkatz@sanfordheisler.com

                    *Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess*

Defendant's Letter Motion to Strike, ECF Nos. 127, 128, is GRANTED as unopposed with respect to Dr. Alleman's September 24, 2025 report and DENIED as to Dr. Alleman's September 26, 2025 report, substantially for the reasons set forth above in Plaintiff's opposition.  Specifically, (1) Defendant's primary contention — that the alterations to Dr. Alleman's original report exceed the scope of any additional discovery provided after that report was completed — is belied by the changes made in the September 26, 2025 report, which the Court agrees are narrowed to be responsive only to the additional discovery, and (2) Defendant's claimed prejudice is negated by the Court's granting of an extension of time upon the parties' joint motion, ECF No. 132, which was premised explicitly on the timing of the updated versions of Dr. Alleman's report, *see id.*  As for the parties' motions to seal, the Court agrees that the requests are narrowly tailored to reasons that justify overcoming the presumption in favor of public access to judicial documents; thus, the motions are GRANTED.  The Clerk of Court is directed to terminate ECF Nos. 127, 128.

SO ORDERED.

October 6, 2025