

**Sanford Heisler
Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Miranda Katz,* Associate
646-401-0475
mkatz@sanfordheisler.com

New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

October 30, 2025

VIA ELECTRONIC FILING

    Re:    *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

    Plaintiff Dr. Amra Sabic-El-Rayess moves to compel Defendant Teachers College, Columbia University ("Defendant," "TC," or "the College") to produce the complete raw data and test materials relied on by its rebuttal emotional distress expert. Alternatively, Plaintiff requests a conference with the Court to discuss the discovery requested herein. The parties met and conferred via telephone and Defendant indicated that it does not oppose Plaintiff's motion, but that its expert will not produce the requested test materials absent a court order.

## I.    Factual Background

    On October 9, 2025, Dr. Sabic-El-Rayess met with Defendant's emotional distress expert, Dr. Jacqueline Bashkoff, for a psychological evaluation. *See* Ex. A, at 1. Dr. Bashkoff administered the Minnesota Multiphasic Personality Inventory-2 (MMPI-2) to Dr. Sabic-El-Rayess. *See id.* Defendant served Dr. Bashkoff's expert report on October 15, 2025; that report interprets and relies on the results of the MMPI-2. *See id.* at 7. On October 17, 2025, Plaintiff requested Dr. Bashkoff's raw data; Plaintiff also served on Dr. Bashkoff a subpoena requesting, among other things, "copies of all documents that [she] relied upon, reviewed, or otherwise considered in connection with [her] work in this Case." On October 20, Defendant provided Dr. Sabic-El-Rayess's answer sheet and scores for the MMPI-2. *See* Ex. B, at 3-4; Ex. C. On October 23, 2025, Plaintiff requested the questions corresponding to the answer sheet. *See* Ex. B, at 2. Defendant responded that its expert could not provide the questions because "the materials are trade secret and copyrighted." *Id.* at 1. On October 27, 2025, Defendant produced five pages of documents in response to Plaintiff's subpoena, none of which included MMPI-2 test materials. On October 29, 2025, Defendant explained via telephone that TC would also like access to the MMPI-2 questions, but that its expert will not produce such test materials without a court order directing her to do so.

## II.    Test Materials Should Be Produced Pursuant to the Existing Protective Order

    Federal Rule of Civil Procedure 26(a)(2)(B) requires a testifying expert to provide, among other things, "the facts or data considered by the witness in forming" her opinions. When an expert renders an opinion based on psychological tests, those test materials are "facts or data" that is "explicitly allowed and indeed required by Rule 26." *Ioane v. Noll*, No. 1:07-CV-00620, 2020 WL 4208365, at *4 (E.D. Cal. July 22, 2020). "Absent release of such materials, 'there is no way to check the quality and accuracy of the [expert] witness's work.'" *Wile v. James River Ins. Co.*, No. 17-CV-1275S(SR), 2020 WL 5995183, at *4 (W.D.N.Y. Oct. 9, 2020) (quoting *Bain v. Wrend*, No. 5:15-CV-202, 2017 WL 11505976, at *2 (D. Vt. Sept. 6, 2017)).

Courts thus routinely order the production of copyrighted test materials, subject to a protective order—one of which is already in place in this case. *See* Dkt. No. 64 (Stipulation & Order for the Production & Exchange of Confidential Information, so ordered by the Court on March 7, 2025); *Bayless v. United States*, No. 2:09-CV-00495, 2015 WL 6680211, at *2 (D. Utah Nov. 2, 2015) (ordering the production of "test materials" subject to a protective order); *Frazier v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe*, No. 08-CV-02730, 2010 WL 447785, at *4 (D. Colo. Feb. 3, 2010) (ordering "the production of the Psychological Tests pursuant to the protective order already in place in this case"); *Taylor v. Erna*, No. 08-CV-10534, 2009 WL 2425839, at *3 (D. Mass. Aug. 3, 2009) ("[The expert's] disclosure should be conditioned on execution of the . . . protective order proposed by the defendants.").

Indeed, Pearson—the entity that holds the copyright for the MMPI-2—expressly contemplates the possibility of producing test materials in its legal policies. *See* Ex. D, at 6 ("In the rare occasion of a court ordering the release of confidential materials to non-professionals such as counsel, we request that the court issue a protective order . . . ."); *Glennon v. Performance Food Grp., Inc.*, No. 2:20-CV-38, 2021 WL 3130050, at *6 (S.D. Ga. July 23, 2021) (citing the same and ordering the production of test materials subject to a protective order).

### III. A Court Order Would Address Any Ethical Conflict for Dr. Bashkoff

A court order would resolve any ethical conflict implicated by Plaintiff's request for the MMPI-2 test questions. "[T]he ethical guidelines of the American Psychological Association (APA) permit the release of test data on the basis of a release or a court order." *Bain*, 2017 WL 11505976, at *2; *see also Wile*, 2020 WL 5995183, at *3 ("The APA Code of Conduct also recognizes that in many instances, release of confidential information is regulated by law."); Am. Psychological Ass'n, *Ethical Principles of Psychologists and Code of Conduct*, § 9.04(b) ("[P]sychologists provide test data only as required by law or court order."); *Id.* § 9.11 ("Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations.").

Courts have repeatedly held that a court order disposes of any ethical conflict that might otherwise preclude an expert psychologist from disclosing test materials. *See, e.g., Taylor*, 2009 WL 2425839, at *2 n.2 ("Any conflict can be eliminated by court order."); *Mandujano v. Geithner*, No. 10-CV-01226, 2011 WL 1298786, at *2 (N.D. Cal. Apr. 4, 2011) (holding that a defendant's concerns regarding its expert's ethical obligations "are addressed by the proposed protective order"); *Glennon*, 2021 WL 3130050, at *5 (noting that "[t]he [APA] also recognizes the need to produce information when required by law" and ordering the production of test materials subject to a protective order); *Schmitt v. Beverly Health & Rehab. Servs.*, Inc., No. 96-CV-2537, 1997 WL 728133, at *4 (D. Kan. Nov. 19, 1997) ("Entry of a protective order . . . negates any need to determine whether contractual and ethical duties provide a sufficient basis to withhold production of such documents from disclosure.").

### IV. Without Test Materials, Plaintiff Cannot Properly Challenge Dr. Bashkoff's Conclusions

Dr. Bashkoff's analysis of Dr. Sabic-El-Rayess's MMPI-2 results is brief but significant:

████████████████████████████████████████ *See* Ex. A at 7. Without access to the underlying test materials, Plaintiff is hindered in exploring the questions and answers that led Dr. Bashkoff to these conclusions. "If the expert's procedure in obtaining and interpreting tests cannot be examined closely, then his conclusions cannot be tested and challenged," *Bain*, 2017 WL 11505976, at *2—in other words, Plaintiff would be hampered in assessing whether the test was reliably applied." *See* Fed. R. Evid. 702(d). Defendant has indicated that it agrees that the test materials are relevant to assessing the reliability of Dr. Bashkoff's opinion under Rule 702.

Dr. Bashkoff "chose to enter the legal world and offer an opinion on an issue in a legal case," and thus "must be prepared to play by the rules which govern lawsuits. These include complete disclosure subject to the protection from public release provided by a conventional protective order." *Bain*, 2017 WL 11505976, at *2. Plaintiff thus respectfully requests that the Court order the production of Dr. Bashkoff's complete test materials, subject to the existing protective order in this case.

Defendant has indicated that it does not disagree that the test materials are directly relevant to Dr. Bashkoff's expert opinion. For this reason and those articulated above, the Court should issue an order requiring Dr. Bashkoff to produce the complete raw data and test materials that she relied on in connection with her work on this matter, including specifically the MMPI-2 test questions that she administered to Plaintiff.

Respectfully submitted,

/s/ Miranda Katz
MIRANDA KATZ
DAVID SANFORD
MICHAEL PALMER
CAROLIN GUENTERT
ALOK NADIG
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
mkatz@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
cguentert@sanfordheisler.com
anadig@sanfordheisler.com

*Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess*

---

Application GRANTED. To the extent that either party concludes that this endorsement does not suffice, Plaintiff shall confer with Defendant and submit a proposed agreed-upon Order for the Court to sign. The Clerk of Court is directed to terminate ECF Nos. 144 and 145.

SO ORDERED.
[signature]
November 3, 2025