**BOND** SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

December 1, 2025

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

Re:    Sabic-El-Rayess v. Teachers College, Columbia University
Case No. 24-CV-2891 (JMF)

Dear Judge Furman:

We represent Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") in the above-referenced matter. We write pursuant to Your Honor's Rule 7(c)(i) to request to file the following exhibits to Defendant's Motion for Summary Judgment under seal: Exhibits D17, D18, D19, D24, D55, D56, D59, D98, D127, and D134.

Courts employ a three-part test to determine whether documents should be filed under seal: (1) whether the "documents at issue are indeed judicial documents…and that therefore a common law presumption of access attaches"; (2) "the weight of the presumption," and (3) "balance competing considerations against the presumption of access." *Alix v. McKinsey & Co.*, 739 F.Supp.3d 172, 193 (S.D.N.Y. 2024) (internal quotation marks omitted).

For step one, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). For a document filed with the court to be considered a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.*

Even if the Court finds that any of these exhibits are judicial documents, step 2 requires the Court to consider the weight of the presumption of access for the records at issue. Here, none of these documents are publicly available, nor would the public expect them to be so.

Lastly, the Court must balance competing interests against the presumption of public access. These "competing interests" include "the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, 67 (2d Cir. 2022).

22665447.v2-12/1/25

Attorneys At Law | A Professional Limited Liability Company

Hon. Jesse M. Furman
December 1, 2025
Page 2

Exhibits D17-D19 are internal policy documents of Teachers College. These documents are not publicly available and D19 is a policy that is no longer in effect. These policies are not of public interest.

Exhibit D24 is minutes from a confidential departmental meeting at Teachers College dated December 18, 2012. This document has little relevance to Plaintiff's claims as it is from over a decade ago, it is not a publicly available document, and it is not of public interest.

Exhibits D55, D56, and D59 all contain a communication from a non-party student. These email communications are not publicly available and the privacy interests of a non-party student outweigh any interest in public access.

Exhibit D98 are the salary step schedules for faculty members at Teachers College. These schedules have little relevance to Plaintiff's claims, are not publicly available, and are not of public interest.

Exhibit D127 is a letter of recommendation outlining internal department discussions. This document is not publicly available and the privacy interests do not outweigh the interest in public access.

Exhibit D134 is the employment agreement with a non-party faculty member that has not been accused of any wrongdoing. The employment agreement has little relevance to Plaintiff's own claims, and it is not publicly available. It also contains confidential and private information about the non-party faculty member, including the terms of the non-party's employment that is not of general public interest.

Teachers College respectfully requests that Exhibits D17, D18, D19, D24, D55, D56, D59, D98, D127, D134, and D137 be filed under seal.

In addition, Defendant seeks to include certain documents that Plaintiff produced and has labeled as "confidential." Specifically, Exhibits D44 and D72. In addition, Exhibit D66 is a document produced by Defendant, but Plaintiff has requested that this remain filed under seal. Since Plaintiff has labeled these documents as "confidential," Defendant understands that Plaintiff expects any filing of these documents to be made under seal. Defendant has met and conferred with Plaintiff and Plaintiff has confirmed that these documents should be filed under seal. Plaintiff is aware that pursuant to this Court's Rule 7(c)(i), Plaintiff must file, within three business days, a letter explaining the need to seal these exhibits.

Thank you for your consideration of this matter.

22665447.v2-12/1/25

Hon. Jesse M. Furman
December 1, 2025
Page 3


Very truly yours,

BOND, SCHOENECK & KING, PLLC


*/s/ Mallory A. Campbell*

Mallory A. Campbell


CC: <u>Via ECF</u>
      All Counsel of Record


The motion to file under seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 161.

SO ORDERED

December 1, 2025


22665447.v2-12/1/25