

**Sanford Heisler
Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Miranda Katz,* Associate
646-401-0475
mkatz@sanfordheisler.com          New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

December 1, 2025

VIA ELECTRONIC FILING

  Re:  *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

  Plaintiff Dr. Amra Sabic-El-Rayess hereby moves to file under seal Exhibits A, B, C, D, and G[1] to her December 1, 2025 Motion to Exclude the Expert Report and Testimony of Dr. Jacqueline Bashkoff, and to redact related portions of her memorandum of law. Immediately after filing this Motion to File Under Seal, Plaintiff will (1) file under seal a fully visible and unredacted version of her December 1, 2025 Motion to Exclude and accompanying exhibits, and (2) publicly file a not-fully-visible and partially redacted version of her December 1, 2025 Motion to Exclude and accompanying exhibits.

  Exhibit A is an expert report prepared by Dr. Jacqueline Bashkoff, the rebuttal emotional distress expert retained by Defendant Teachers College, Columbia University. Exhibit B is an expert report prepared by Dr. Mark Lerner, Plaintiff's emotional distress expert. Exhibit C is Dr. Bashkoff's rebuttal to Dr. Lerner's report. These three reports contain psychological evaluations of Plaintiff and address sensitive information regarding her health, mental health, personal history, and family. Plaintiff's memorandum of law quotes portions of these reports. Exhibit D contains excerpts from the deposition of Dr. Bashkoff, which addresses the sensitive information and diagnoses contained within these reports.

  A three-part test applies to whether documents may be placed under seal: (1) whether "the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches"; (2) "the weight of that presumption"; and (3) "balanc[ing] competing considerations" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

  Even assuming that the proposed sealed and redacted documents are judicial documents, the Court must consider the weight of the presumption of access for the records at issue. Here, none of these documents are publicly available, nor would the public expect them to be so. Rather, these documents concern Dr. Sabic-El-Rayess's psychological functioning and psychosocial history, including sensitive details regarding her family, children, symptomatology, and MMPI-2

---

[1] Exhibit G is a document that Defendant Teachers College, Columbia University marked as "confidential" in discovery, and Defense Counsel has confirmed that Defendant wants Exhibit G filed under seal. Based on Defendant's prior filings, *see, e.g.*, Dkt. No. 94, Defendant has demonstrated that it is aware that, pursuant to this Court's Individual Rule #7(C)(i), Defendant must file, within three business days, a letter explaining the need to seal this exhibit.

profile. Any presumption of public access is particularly weak at this stage of the litigation: The proposed sealed and redacted documents will only become relevant to damages should Dr. Sabic-El-Rayess prevail on liability, and the Court has not yet held that any claims should even proceed to a jury.

The Court must also balance competing interests against the presumption of public access, including "the privacy interests of those resisting disclosure." *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022). Here, Dr. Sabic-El-Rayess has a substantial privacy interest in documents detailing her psychological history and functioning. This "privacy interest . . . outweighs the public's interest in full access to these documents." *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (granting motion to seal psychological evaluation); *see also United States v. Hernandez*, No. CR-3:23-MJ-00655 (TOF), 2024 WL 707015, at *4 (D. Conn. Feb. 21, 2024) (same); *United States v. Vejvoda*, No. 5:08-CR-240 (FJS), 2008 WL 4534056, at *5 (N.D.N.Y. Oct. 3, 2008) (same); *United States v. Bliss*, No. 1:05-CR-541 (FJS), 2007 WL 2973588, at *5 (N.D.N.Y. Oct. 9, 2007) (same). Accordingly, "the report of an expert psychologist hired to evaluate Plaintiff for purposes of this action, may . . . properly be filed under seal." *Fontana v. Bowls and Salads Mexican Grill Inc.*, 2:19-CV-01587 (Docket Order dated June 17, 2021) (citing *Jones v. U.S. Border Patrol Agent Hernandez*, No. 16-CV-1986, 2018 WL 3533235, at *2 (S.D. Cal. July 23, 2018) (holding that a forensic psychologist "is a medical professional, and his findings and impressions pertaining to Plaintiff's health are confidential").

Consistent with these principles, the Court has previously granted a motion to seal a previously filed version of Dr. Bashkoff's expert report. *See* ECF No. 147. Plaintiff respectfully requests that Exhibits A, B, C, and D remain filed under seal, and Plaintiff's memorandum of law remain redacted.

The motion to file under seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 164.

SO ORDERED.

December 1, 2025

Respectfully submitted,

*/s/ Miranda Katz*
MIRANDA KATZ
DAVID SANFORD
MICHAEL PALMER
CAROLIN GUENTERT
ALOK NADIG
**SANFORD HEISLER**
**SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
mkatz@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
cguentert@sanfordheisler.com
anadig@sanfordheisler.com

***Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess***