

**Sanford Heisler
Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Miranda Katz,* Associate
646-401-0475
mkatz@sanfordheisler.com                    New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

December 15, 2025

VIA ELECTRONIC FILING

      Re:    *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

Plaintiff Dr. Amra Sabic-El-Rayess hereby moves to file under seal Exhibits A, B, C, D, E, and F to the December 15, 2025 Declaration of Miranda Katz in Opposition to Defendant's Motion to Preclude the Expert Testimony of Plaintiff's Expert, and to redact related portions of her memorandum of law. Immediately after filing this Motion to File Under Seal, Plaintiff will (1) file under seal a fully visible and unredacted version of her December 15, 2025 memorandum of law, declaration, and accompanying exhibits, and (2) publicly file a not-fully-visible and partially redacted version of her December 15, 2025 memorandum of law, declaration, and accompanying exhibits.

Exhibit A is the expert report of Dr. Mark Lerner, Plaintiff's emotional distress expert. Exhibit B is excerpts from Dr. Lerner's deposition. Exhibit C is treatment records from Plaintiff's treating therapist. Exhibit D is raw data from the psychometric tests administered to Plaintiff by Dr. Lerner. Exhibit E is excerpts from the deposition of Plaintiff's treating therapist. Exhibit F is the report of Dr. Jacqueline Bashkoff, Defendant's emotional distress expert.

A three-part test applies to whether documents may be placed under seal: (1) whether "the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches"; (2) "the weight of that presumption"; and (3) "balanc[ing] competing considerations" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Plaintiff has addressed the need to seal Exhibits A, B, C, E, and F in her December 4, 2025 letter response to Defendant's December 1, 2025 letter to the court. *See* Dkt. No. 179. Plaintiff incorporates by reference her arguments in that letter.

For substantially the same reasons, Exhibit D should remain filed under seal, as it contains sensitive details regarding Plaintiff's psychological functioning and symptomatology. Even assuming that Exhibit D is a judicial document, the Court must consider the weight of the presumption of access for that document. Any presumption of public access is particularly weak given the stage of this litigation: Dr. Lerner's report and the underlying raw data will only become relevant to damages should Dr. Sabic-El-Rayess prevail on liability, and the Court has not yet held that Plaintiff's claims should even proceed to a jury. Additionally, Dr. Sabic-El-Rayess has a substantial privacy interest in documents detailing her psychological functioning. The psychometric data is relevant only to Dr. Lerner's report and testimony, and if "the report of an

expert psychologist hired to evaluate Plaintiff for purposes of this action, may . . . properly be filed under seal," so too may the underlying testing materials. *Fontana v. Bowls and Salads Mexican Grill Inc.*, 2:19-CV-01587 (Dkt. Ord. dated June 17, 2021) (citing *Jones v. U.S. Border Patrol Agent Hernandez*, No. 16-CV-1986 W (WVG), 2018 WL 3533235, at *2 (S.D. Cal. July 23, 2018) (holding that a forensic psychologist "is a medical professional, and his findings and impressions pertaining to Plaintiff's health are confidential.")). Dr. Sabic-El-Rayess's "privacy interest . . . outweighs the public's interest in full access to" the results of the tests administered to her by Dr. Lerner. *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (granting motion to seal psychological evaluation).

Plaintiff therefore respectfully requests that all exhibits to the December 15, 2025 Declaration of Miranda Katz in Opposition to Defendant's Motion to Preclude the Expert Testimony of Plaintiff's Expert remain filed under seal, and that the corresponding portions of her memorandum of law remain redacted.

Respectfully submitted,

*/s/ Miranda Katz*
MIRANDA KATZ
DAVID SANFORD
MICHAEL PALMER
CAROLIN GUENTERT
ALOK NADIG
**SANFORD HEISLER**
**SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
mkatz@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
cguentert@sanfordheisler.com
anadig@sanfordheisler.com

***Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess***

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 190.

SO ORDERED.

December 15, 2025