**BOND** SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

January 15, 2026

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

Re:    Sabic-El-Rayess v. Teachers College, Columbia University
Case No. 24-CV-2891 (JMF)

Dear Judge Furman:

We represent Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") in the above-referenced matter. We write pursuant to Your Honor's Rule 7(c)(i) to request to file the following exhibits to Defendant's Reply and Opposition to Plaintiff's Cross-Motion for Summary Judgment under seal: Exhibits D142, D143, and Exhibit A to the Declaration of Lisa Daehlin.

Courts employ a three-part test to determine whether documents should be filed under seal: (1) whether the "documents at issue are indeed judicial documents…and that therefore a common law presumption of access attaches"; (2) "the weight of the presumption," and (3) "balance competing considerations against the presumption of access." *Alix v. McKinsey & Co.*, 739 F.Supp.3d 172, 193 (S.D.N.Y. 2024) (internal quotation marks omitted).

For step one, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). For a document filed with the court to be considered a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.*

Even if the Court finds that any of these exhibits are judicial documents, step 2 requires the Court to consider the weight of the presumption of access for the records at issue. Here, none of these documents are publicly available, nor would the public expect them to be so.

Lastly, the Court must balance competing interests against the presumption of public access. These "competing interests" include "the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, 67 (2d Cir. 2022).

22876759.v1-1/14/26

Attorneys At Law | A Professional Limited Liability Company

Hon. Jesse M. Furman
January 14, 2026
Page 2

Exhibits D142 and D143 are nominations to hire certain non-party faculty members that have not been accused of any wrongdoing. These documents have little relevance to Plaintiff's own claims, and it is not publicly available. It also contains confidential and private information about the non-party faculty members that is not of general public interest.

Exhibit A to the Declaration of Lisa Daehlin contains the list of applicants who were not selected for a position at Teachers College. These individuals are non-parties and have not been accused of any wrongdoing. This document has little relevance to Plaintiff's own claims and it is not publicly available. It is not of general public interest as to who applied and was not selected for a certain position at Teachers College several years ago.

Teachers College respectfully requests that Exhibits D142, D143, and Exhibit A to the Declaration of Lisa Daehlin be filed under seal.

Thank you for your consideration of this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

*/s/ Mallory A. Campbell*

Mallory A. Campbell

CC: <u>Via ECF</u>
    All Counsel of Record

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 231.

SO ORDERED.

January 16, 2026