**BOND** SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

February 4, 2026

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

    Re: Sabic-El-Rayess v. Teachers College, Columbia University
       Case No. 24-CV-2891 (JMF)

Dear Judge Furman:

We represent Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") in the above-referenced matter. We write pursuant to Your Honor's Rule 7(c)(i) to request to file an unredacted version of Defendant's Opposition to Plaintiff's Motion to Strike under seal. Here, Defendant seeks to redact the identity of a non-party who has not been accused of any wrongdoing.

Courts employ a three-part test to determine whether documents should be filed under seal: (1) whether the "documents at issue are indeed judicial documents…and that therefore a common law presumption of access attaches"; (2) "the weight of the presumption," and (3) "balance competing considerations against the presumption of access." *Alix v. McKinsey & Co.*, 739 F.Supp.3d 172, 193 (S.D.N.Y. 2024) (internal quotation marks omitted).

For step one, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). For a document filed with the court to be considered a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* The identity of a non-party who has not been accused of any wrongdoing is not relevant to Plaintiff's underlying claims.

Step 2 requires the Court to consider the weight of the presumption of access for the records at issue. Here, the identity of this individual would not be publicly available, nor would the public expect it to be so.

Lastly, the Court must balance competing interests against the presumption of public access. These "competing interests" include "the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, 67 (2d Cir. 2022). Here, there are privacy interests in the identity of a non-party who has not been accused of wrongdoing.

22959863.v1-2/2/26

Attorneys At Law | A Professional Limited Liability Company

Hon. Jesse M. Furman
February 2, 2026
Page 2


       Teachers College respectfully requests that the unredacted version of its Opposition to Plaintiff's Motion to Strike remain filed under seal.

       Thank you for your consideration of this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


_____/s/_____
Mallory A. Campbell


CC: <u>Via ECF</u>
    All Counsel of Record


The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 256.

   SO ORDERED.

   February 4, 2026