**Sanford**
**Heisler**
**Sharp**
**McKnight**

**Sanford Heisler**
**Sharp McKnight, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Alok Nadig,* Partner
(646) 768-7059
anadig@sanfordheisler.com          New York | Washington, DC | San Francisco | Palo Alto | Nashville | San Diego

March 17, 2026

VIA ELECTRONIC FILING

Re:    *Sabic-El-Rayess v. Tchrs. Coll., Columbia Univ.*, No. 1:24-cv-02891-JMF (S.D.N.Y.)

Dear Judge Furman:

Plaintiff Dr. Amra Sabic-El-Rayess hereby moves to file under seal Exhibits A, B, C, D, E, F, G, H, and I to her forthcoming March 17, 2026 Letter Motion to Substitute Plaintiff's Emotional Distress Expert. Immediately after filing this Letter Motion to File Under Seal, Plaintiff will (1) file under seal a version of her March 17, 2026 Letter Motion to Substitute with fully visible exhibits, and (2) publicly file another version of her March 17, 2026 Letter Motion to Substitute with versions of the exhibits containing slip sheets that state: "FILED UNDER SEAL."

## I.    **Exhibits A, B, C, D, and H**

Exhibit A is an expert report prepared by Dr. Mark Lerner, Plaintiff's current emotional distress expert. Exhibit B is a report from Dr. Jacqueline Bashkoff, Defendant's emotional distress expert. Exhibit C is a rebuttal report from Dr. Bashkoff. Exhibit D is a reply report prepared by Dr. Lerner. Exhibit H is an expert report prepared by Dr. Don Greif, Plaintiff's proposed substitute emotional distress expert. These reports contain and/or describe psychological evaluations of Plaintiff and address sensitive information regarding her health, mental health, personal history, and family. Plaintiff has addressed the need to seal the reports of emotional distress experts in her December 1, 2025 letter motion to seal. *See* Dkt. No. 164. Plaintiff incorporates by reference her arguments in that filing.

## II.   **Exhibits E, F, G, and I**

Exhibit E is an email from Dr. Lerner's office manager containing private information regarding Dr. Lerner's health. Exhibit F is an email from Dr. Lerner also containing private information regarding Dr. Lerner's health. Exhibit G is a letter from Dr. Lerner's treating physician that similarly contains private information regarding Dr. Lerner's health. And Exhibit I is an email from Plaintiff's Counsel to Defense Counsel identifying the specific medical condition that has rendered Dr. Lerner incapable of providing expert testimony at trial in this case.

"[T]he Second Circuit has established a three-part test for determining whether documents may be placed under seal." *City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *1 (S.D.N.Y. Feb. 23, 2022) (Furman, J.). "First, 'a court must . . . conclude that the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches." *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

119 (2d Cir. 2006)). "Second, the court 'must determine the weight of that presumption,' which is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Lugosch*, 435 F.3d at 119). "'Finally, . . . the court must balance competing considerations against' the presumption of access, including 'the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120).

Even assuming that the proposed sealed documents are judicial documents, the Court must consider the weight of the presumption of access to the records at issue. Here, none of the documents attached as Exhibits E, F, G, and I to Plaintiff's Letter Motion to Substitute are publicly available; nor would the public expect these documents to be publicly available. Rather, these documents describe Dr. Lerner's specific health condition and related medical symptoms. Any presumption of public access to these documents is particularly weak, given that Dr. Lerner is a non-party, and the specific details surrounding his current medical condition are not immediately relevant to adjudication of Plaintiff's Letter Motion to Substitute. *See Locus Techs. v. Honeywell Int'l Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334, at *8 (S.D.N.Y. Dec. 13, 2024) ("Courts in this District regularly seal medical information, including the medical information of non-party witnesses."); *Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2952071 at *2 (S.D.N.Y. July 26, 2022) ("An individual generally maintains significant privacy rights to her medical information, and courts regularly seal such information") (quotations omitted); *Martinez v. City of New York*, No. 16-CV-79 (RPK) (CLP), 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) ("The privacy interests of innocent third parties weigh heavily in the sealing calculus. To protect these interests, courts routinely seal medical records, as well as information concerning third-parties not related to the action.") (quotations, alterations, and citations omitted).

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. Defendant is directed to file any response, not to exceed three pages, to the motion to substitute Plaintiff's expert **no later than March 23, 2026**.  No reply may be filed absent leave of the Court.  The Clerk of Court is directed to terminate ECF No. 262.

SO ORDERED.

March 18, 2026

Respectfully submitted,

*/s/ Alok Nadig*
ALOK NADIG
DAVID SANFORD
MICHAEL PALMER
CAROLIN GUENTERT
MIRANDA KATZ
**SANFORD HEISLER SHARP McKNIGHT, LLP**
17 State Street, 37th Floor
New York, New York 10004
Telephone: (646) 402-5650
anadig@sanfordheisler.com
dsanford@sanfordheisler.com
mpalmer@sanfordheisler.com
cguentert@sanfordheisler.com
mkatz@sanfordheisler.com

***Attorneys for Plaintiff Dr. Amra Sabic-El-Rayess***