UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                         :

AMRA SABIC-EL-RAYESS,                   :

                      :

             Plaintiff,         :

                      :        24-CV-2891 (JMF)

      -v-                :

                      :      <u>MEMORANDUM OPINION</u>

TEACHERS COLLEGE, COLUMBIA UNIVERSITY,  :      <u>AND ORDER</u>

                      :

            Defendant.       :

                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 17, 2026, Plaintiff filed a letter-motion, ECF No. 263, to substitute a new

expert due to her original expert's unavailability to testify at trial. Plaintiff offered to make her

substitute expert available for deposition, cover the costs associated with the deposition, and

produce non-privileged documents and communications from her substitute expert related to his

evaluation of Plaintiff. *See id.* On March 23, 2026, Defendant filed a response, ECF No. 274,

indicating that it does not oppose the substitution of Plaintiff's expert but does oppose the

substitute expert's new proposed report. *Id.* at 1. Defendant further requested that it be granted

leave to "retain an expert, re-examine Plaintiff and provide its own expert report in addition to a

rebuttal report, and submit a new motion to preclude Plaintiff's expert." *Id.* at 1. Finally,

Defendant requested that, in addition to the cost of the deposition, Plaintiff also cover the costs

associated with the updated examination of Plaintiff, an updated rebuttal report, and any new

motion to preclude Plaintiff's expert. *See id.*

Upon due consideration of the parties' submissions and for substantially the reasons

stated in Plaintiff's letter, the Court finds that "good cause," FED. R. CIV. P. 16(b)(4), exists to

substitute the expert.  *See Nature's Plus A/S/ v. Nat'l Organics, Inc.*, No. 09-CV-4256 (ADS) (AKT), 2014 WL 12964552, at *3 (E.D.N.Y. Oct. 29, 2014) ("Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial." (internal quotation marks omitted)).  Accordingly, her motion to substitute the emotional distress expert is GRANTED.

That said, to mitigate any prejudice to Defendant, (1) Plaintiff is hereby ORDERED to promptly produce the non-privileged and relevant documents and communications from the substitute expert; (2) Defendant is granted leave to depose the substitute expert at Plaintiff's expense; and (3) the Court will strike any portion of the substitute expert's report to the extent it goes beyond the "subjects and theories covered by the previous expert."  *Id.* at *6.  Because the parties vigorously dispute whether that is the case here, *compare* ECF No. 263, at 3 (stating that the "reports reflect the same subjects and theories"), *with* ECF No. 274, at 2 (asserting that the new report "substantially alters the scope and substance . . . as compared to [the original] expert report."), the Court will invite supplemental briefing from the parties on that issue and the effect, if any, of the substitution on the pending *Daubert* motion — but only *after* Defendant has deposed the substitute expert (including, as appropriate, on whether and to what extent the new report goes beyond the subjects and theories of the previous report).

Accordingly, **no later than one week from the date of this Order**, Plaintiff shall produce the relevant, non-privileged documents and communication from the substitute expert to Defendant.  **No later than two weeks from the date of this Order,** the parties shall file a joint letter notifying the Court of the date of the substitute witness's deposition.  And **no later than one week from the date of the deposition**, the parties shall file another joint letter proposing a supplemental briefing schedule on the issues listed above.  Finally, Plaintiff shall reimburse

Defendant for the attorney's fees and costs associated with both the deposition and the supplemental briefing.  Following the submission of any supplemental briefing, the parties shall confer in an attempt to reach agreement on that amount and, **no later than one week after the filing of any supplemental briefing**, file a joint letter indicating whether the parties have reached agreement or proposing a briefing schedule to resolve their disagreement.

The Clerk of Court is directed to terminate ECF Nos 263 and 264.

SO ORDERED.

Dated: March 26, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

3