# BOND SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2300
F: (646) 253-2301

March 23, 2026

**VIA ELECTRONIC FILING**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

> Re: Sabic-El-Rayess v. Teachers College, Columbia University
> Case No. 24-CV-2891 (JMF)

Dear Judge Furman:

We represent Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") in the above-referenced matter. We write pursuant to Your Honor's Rule 7(c)(i) to request to file an unredacted version of Teachers College's supplemental briefing on expert discovery and corresponding Exhibits A-G and an unredacted version of Dr. Jacqueline Bashkoff's affidavit under seal. Immediately after filing this Letter Motion to File Under Seal, Teachers College will (1) file under seal an unredacted version of Defendant's supplemental briefing with Exhibits A-G and Dr. Bashkoff's affidavit; and (2) publicly file redacted versions of the briefing and affidavit.

The reason for the request to seal/redact is that the letter, affidavit, and exhibits contain sensitive and personal information regarding Plaintiff's mental health.

Courts employ a three-part test to determine whether documents should be filed under seal: (1) whether the "documents at issue are indeed judicial documents…and that therefore a common law presumption of access attaches"; (2) "the weight of the presumption," and (3) "balance competing considerations against the presumption of access." *Alix v. McKinsey & Co.*, 739 F.Supp.3d 172, 193 (S.D.N.Y. 2024) (internal quotation marks omitted).

For step one, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). For a document filed with the court to be considered a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* Here, the redaction and sealed documents pertain to Plaintiff's mental state. Such information does not play a central role to Plaintiff's allegations or Defendant's defenses.

Step 2 requires the Court to consider the weight of the presumption of access for the records at issue. Here, these documents are not publicly available, nor would the public expect it to be so.

Attorneys At Law | A Professional Limited Liability Company

Hon. Jesse M. Furman
June 10, 2026
Page 2

Lastly, the Court must balance competing interests against the presumption of public access. These "competing interests" include "the privacy interests of those resisting disclosure." *Olsen v. Major League Baseball*, 29 F.4th 59, 67 (2d Cir. 2022). Here, there are privacy interests in personal information regarding Plaintiff's mental health.

Teachers College respectfully requests that an unredacted version of its supplemental briefing with corresponding Exhibits A-G and Dr. Bashkoff's affidavit remain filed under seal.

Thank you for your consideration of this matter.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

/s/ Mallory A. Campbell

Mallory A. Campbell

CC: Via ECF
    All Counsel of Record

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 283.

SO ORDERED.

June 11, 2026